FRANKLIN J. MATCHETTE, Respondent, *v.* HOTELS STATLER COMPANY, INC., and Another, Appellants.

First Department, March 18, 1932.

*James McCormick Mitchell* of counsel [*William I. Morey* with him on the brief; *Kenefick, Cooke, Mitchell, Bass & Letchworth* and *Sullivan & Cromwell*, attorneys], for the appellants.

*Frank P. Walsh* of counsel [*William P. McCool* with him on the brief; *Frank P. Walsh*, attorney], for the respondent.

PER CURIAM. The cause of action alleged is not to be regarded as necessarily predicated upon fraud but rather upon an alleged breach by defendant Hotels Statler Company, Inc., of its implied covenant contained in article V of Exhibit " C " attached to the complaint. Assuming that such defendant had the right itself to subscribe to or purchase the preferred stock, it was required to act in good faith towards the plaintiff. Its obligation was to secure responsible parties to subscribe to the stock for its par value in cash " less a total bankers' and brokers' commission of not exceeding twenty dollars per share." The right to allow a maximum commission or expense of twenty dollars a share was not authority to itself to purchase at eighty dollars a share, where no commission or expense was in fact necessarily or reasonably paid or incurred.

In this connection it is to be noted that plaintiff was retaining 10,000 shares of his common stock. Under the provisions of article V it was contemplated that there might be returned to him some of the 30,000 shares of common deliverable to said defendant upon its certification to the escrow agent. This article of the agreement further provided that any sums remaining out of the purchase money realized in excess of the amount required to furnish and outfit the hotel was " to be cash working capital for opening and operating said structure as a hotel." The plaintiff was entitled, therefore, to have the financing done at as low cost as reasonably possible, for any surplus remaining was to go back into the working capital of the enterprise and thus inure to the benefit of the plaintiff's common stock.

In this view we are of opinion that the plaintiff's complaint is sufficient at least to establish a trust or quasi trust relationship between himself and defendants entitling him to an accounting for the twenty per cent discount taken by the defendant Hotels Statler Company, Inc., or such part thereof as such defendant was not necessarily or reasonably entitled to charge.

It should be borne in mind, however, that we are here dealing with a mere matter of pleading and that the rights of the parties in the premises can only be ascertained and determined after the defendants have answered and the issues have been properly framed.

It follows, therefore, that the order appealed from should be affirmed, with ten dollars costs and disbursements, with leave to defendants to answer within twenty days on payment of said costs.

Present — FINCH, P. J., McAVOY, MARTIN, O'MALLEY and TOWNLEY, JJ.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendants to answer within twenty days from service of order upon payment of said costs.